UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCOTT DEPETRO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | NO: 12-CV-0546-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14, 15).  Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Lisa Goldoftas.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) payments on March 16, 2009, alleging an onset date of January 1, 1997. Tr. 131-133. Plaintiff's claim was denied initially and on reconsideration. Tr. 73-76, 88-97. Plaintiff filed a timely request for a hearing (Tr. 98-99) and appeared with an attorney at a hearing before an administrative law judge ("ALJ") on August 6, 2010. Tr. 42-65.[1]

---

[1] The Court notes that the ALJ's decision issued on September 2, 2010 does not reflect claimant's amended onset date of March 16, 2009 for the SSI claim only, as Plaintiff's attorney conceded at the hearing. Tr. 45-46. Plaintiff does not directly address the Title II claim that was also filed in this proceeding with an alleged onset date of January 1, 1997. Nor did the hearing or medical records relate to that period of time for which applications have previously been denied. While res judicata does not apply when an ALJ later considers "on the merits" whether the claimant was disabled during an already-adjudicated period, *Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995), Plaintiff only argued for SSI benefits after March 16, 2009. Tr. 45-46. Plaintiff met the insured status, for Title II, only

The ALJ issued a decision on September 2, 2010, finding that Plaintiff was not disabled under the Act. Tr. 24-33. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 1997. *Id*. At step two, the ALJ found that Plaintiff had severe impairments, but, at step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 26–28. The ALJ determined Plaintiff had the residual functional capacity to:

> lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk up to four hours in an eight hour workday, and sit up to six hours in an eight hour workday. The claimant can perform simple, routine, independent work with objects and with no intense interaction with other people. In addition, there could be no alcohol in the work environment, the claimant could not perform prolonged reading, the claimant could not perform security work or work involving the safety of others, and the claimant would have difficulty with frequent criticism from supervisors. Lastly, the claimant would have moderate mental limitations but which would not preclude basic work activity in the following areas: the ability to sustain an ordinary routine without special supervision, the ability to interact appropriately with the general public, and the ability to accept instructions and respond appropriately to criticism from supervisors.

Tr. 28-29. At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a kitchen helper. Tr. 31. At step five, the ALJ made alternative findings that there were a significant number of jobs existing in the national

---

through June 20, 1999. Tr. 26. Thus, the Court confines its review to the SSI application only and ignores the expired Title II claim.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

economy which Plaintiff could perform in view of his residual functional capacity and denied his claim on that basis, as well.  Tr. 31-32.

On August 10, 2012, the Appeals Council denied Plaintiff's request for review (Tr. 1-7), making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

ISSUE

Plaintiff contends the ALJ improperly rejected the opinion of Debra D. Brown, Ph.D., and unfairly credited the opinion of Dr. Edward Beaty.  ECF No. 14 at 10-13.

DISCUSSION

Plaintiff argues that "he is more limited from a psychological standpoint than what was determined by the ALJ."  *Id.*  He cites to a psychological evaluation completed by Dr. Brown on September 24, 2009.[2]  Tr. 305-313.  Dr. Brown diagnosed Plaintiff with: post-traumatic stress disorder; recurrent major depression---severe without psychosis; bipolar II disorder; antisocial personality disorder; and borderline intellectual functioning.  Tr. 309.  Plaintiff also cites to Dr.

---

[2] Later in his brief, Plaintiff erroneously refers to this same evaluation as "another evaluation" on October 13, 2009.  ECF No. 14 at 10.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1  Brown's evaluations done in 1999, 2004, 2005, 2007, and 2008.  Additionally,

2  Plaintiff cites to an evaluation performed by Dr. Islam-Zwart in 2007.  Plaintiff

3  places much emphasis on Dr. Brown's 2008 conclusions: "Dr. Brown stated that

4  Mr. Depetro was not employable. She also stated that Mr. Depetro's conditions

5  were chronic and she recommended SSI for Mr. Depetro (TR 216)." ECF No. 14

6  at 10.

7       A treating physician's opinions are entitled to substantial weight in social

8  security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

9  (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

10 an ALJ may reject it only by offering "clear and convincing reasons that are

11 supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

12 Cir. 2005).  "However, the ALJ need not accept the opinion of any physician,

13 including a treating physician, if that opinion is brief, conclusory and inadequately

14 supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation

15 omitted).  "If a treating or examining doctor's opinion is contradicted by another

16 doctor's opinion, an ALJ may only reject it by providing specific and legitimate

17 reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d

18 at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

19      The record does contain psychological evaluations dated 2004 through 2008,

20 but the Plaintiff's attorney conceded at the hearing that the only period at issue was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

from March 16, 2009 forward. While these evaluations provide background information, the ALJ specifically found:

> The undersigned also notes that the medical evidence of record since the prior Administrative Law Judge decision in January 2009 is not consistent with any greater physical or mental limits. The medical evidence of record does not establish any new limitations that were not previously considered.
>
> * * *
>
> …. there is no new medical evidence establishing greater limitations than those outlined by the prior ALJ decision.

Tr. 30.  Plaintiff claims "Dr. Brown had been seeing [Plaintiff] for over 10 years." ECF No. 14 at 11.  While this statement may be superficially accurate, the record does not establish that Dr. Brown was continuously seeing or treating Plaintiff during this period of time.  Indeed, the record supports the ALJ's findings that:

> Psychologist Debra D. Brown, Ph.D. treated and evaluated the claimant periodically during the alleged period of disability. She also provided psychological evaluation forms to the State Department of Social and Health Services in October 2009, pursuant to the claimant's receipt of public assistance payments. Dr. Brown opined that the claimant had mild to moderate cognitive limitations in areas such as exercising judgment and making decisions, learning new tasks, and understanding, remembering, and following complex instructions. She also noted that in the area of social functioning, the claimant had marked limitations in responding appropriately and tolerating pressures in the workplace, and maintaining appropriate behavior, as well as moderate limitations in relating to co-workers, supervisors, and the generally public (Ex. 9F [Tr. 305-13]). Dr. Brown's assessment of cognitive limitations is consistent with treatment records, and the claimant's performance on mental status examination, which was generally within normal limitations.  However, while the claimant does have

some social limitations associated with his symptoms of antisocial personality disorder, there are no findings to support the marked limitations outlined by Dr. Brown. Accordingly, limited weight has been given to Dr. Brown's functional assessment of the claimant's cognitive and social limitations, insofar as it demonstrates that the claimant has some moderate social and cognitive limitations, but he is not entirely precluded from sustaining basic work activities.

Tr. 30.

Significantly, Plaintiff has not challenged the ALJ's credibility finding with respect to Plaintiff's testimony.  The ALJ found the evidence showed Plaintiff had only mild restriction with regard to activities of daily living.  Tr. 27.  For instance, he rented a room, managed his money, did housework and laundry, prepared meals, shopped, used public transportation, and watched television.  Tr. 27.  No treating physician recommended any physical restrictions. Tr. 31.  The ALJ also noted that the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual.  Tr. 30.

The ALJ recounted in detail the objective medical evidence established by the various treating, examining and consulting physicians and then reasonably concluded "[w]hile the claimant does have some physical and mental limitations, the objective medical record does not support limitations to the extent he alleged." Tr. 31.

///

///

It is not for this Court to reweigh the medical evidence but rather to consider the entire record as a whole. *Hill*, 698 F.3d at 1159. The Court has reviewed the record and agrees that substantial evidence supports the ALJ's conclusion.

Accordingly, the Court grants summary judgment in Defendant's favor.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** July 30, 2013.



THOMAS O. RICE
United States District Judge